IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GLASSWALL, LLC, a Florida Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Misc. Case No. 18-333 |
| | ) | |
| ACG FLAT GLASS NORTH AMERICA, | ) | |
| INC., d/b/a AGC GLASS COMPANY | ) | (Pending in the U.S. District |
| NORTH AMERICA, a Foreign Corporation, | ) | Court for the Eastern District |
| and POMA GLASS & SPECIALTY | ) | Tennessee – Case No. |
| WINDONWS, INC., a Foreign Corporation | ) | 3:17-CV-332-HSM-DCP) |
| registered to do business in Florida, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO MOTION TO ENFORCE**

MD Holding, LLC ("MD"), a Delaware Limited Liability Company with its principal place of business and sole member located in Miami, Florida, hereby responds in opposition to a motion by AGC Flat Glass North America and POMA Glass & Specialty Windows, Inc. to enforce a subpoena *duces tecum* issued to MD in connection with an action pending in the Eastern District of Tennessee (the "Tennessee action").

Defendants allege that a portion of the damages sought against them by the plaintiff in the Tennessee action, Glasswall, LLC, "consist[s] of an approximately $1.5 million arbitration award issued against plaintiff…, for which plaintiff seeks indemnification." But Defendants knew at the time they filed the motion to enforce that Glasswall's November 15, 2018 amended interrogatory response expressly stated and confirmed that it only seeks indemnification for $225,000.00 of the $1.5 million judgment—the amount paid by Glasswall to Monadnock. Defendants attached the amended interrogatory response as Exhibit I to the motion. It makes clear:

> 3. The Arbitration Award – Monadnock was awarded $1,499,255.18 in the New York arbitration. This Award has since been confirmed by Order of the United States District Court for the Eastern District of New York. A copy of the Order confirming the Award has been produced. In light of Monadnock's assignment of this judgment to MD Holdings, LLC (a copy of which has been produced), Glasswall is reducing this claim to $225,000.00 – the amount paid by Glasswall to Monadnock.

Because Glasswall has made clear that it seeks only to recover from Defendants the $225,000.00 amount which it paid to Monadnock, there is no basis for any third-party discovery from MD. MD is not a party to the Tennessee action and no claim or defense in the Tennessee action involves or implicates MD.

In order for Defendants to be entitled to burden non-parties to litigation with discovery requests that are irrelevant in light of unequivocal first-party discovery responses, there must be some connection to the underlying litigation. As Defendants' cite in their motion, F.R.C.P 26(b) permits discovery of nonprivileged matters where that discovery is "relevant to any party's claim or defense…" But Defendants can point to no claim or defense asserted by any party to the Tennessee action that involves or implicates MD in any way.

Defendants motion fails to make any substantive, probative connection between MD and any claim or any defense in the Tennessee action. Defendants merely proclaim over and over that third-party discovery directed to MD is "clearly relevant in the Tennessee Action," (Motion at 3), "highly relevant to the Tennessee Action," (Motion at 5), "[c]ertainly,…relevant to the underlying dispute," (Motion at 6), "an integral part of Defendants' defense." *Id.*

But parroting such words and phrases and simply declaring "relevance" does not make it so. For example, Defendants have undertaken no effort to substantively proffer how or why it is relevant to any claim or defense in the Tennessee Action "to understand who owns and controls MD Holding and why the assignment was made to MD Holding in the first instance…" Motion at 6. Because it is not.

So what is this about? Well, "at best," Defendants are on a discovery expedition based upon unasserted and unfounded "information and belief" theories concerning the "credibility and viability of [Glasswall's] legal positions in the Tennessee action, including claimed damages." Motion at 6. The theory goes: because the "measure of [Glasswall's] damages has been amorphous throughout this litigation…," when Glasswall reduced the measure of its damages claim as it pertains to the $1.5 million judgment to $225,000.00 it was "at best, a mistake, and at worst, fraud." Motion at 2, 6. This represents third party discovery nonsense, at its core. The Tennessee action includes no claim against Glasswall for mistake or fraud. And similarly, Defendants make no such claim against MD anywhere.

To be sure, Glasswall has asserted damages theories in the Tennessee action and has responded to discovery requests concerning the measure of those damages. Those are set forth in Defendants' motion. And as set forth above, first party discovery in the Tennessee action has confirmed that the measure of those damages as it pertains to the $1.5 million judgment, is $225,000.00. No further information that has been sought or

3

that can be obtained from MD is further probative of the measure of Glasswall's damages in the Tennessee action or any other claim or defense pending in that action.[12]

For the reasons set forth herein, MD respectfully requests that Defendants' motion to enforce the subpoena should in all respects be DENIED.

                                                **BERGER HARRIS LLP**

By:    */s/ Michael W. McDermott*
           Michael W. McDermott (I.D. No. 4434)
           David B. Anthony (I.D. No. 5452)
           1105 N. Market Street, 11th Floor
           Wilmington, Delaware 19801
           (302) 655-1140
           mmcdermott@begerharris.com

           *Attorneys for MD Holdings, LLC*

Dated: December 12, 2018

---

[1] To the extent that Defendants maintain that they needed to determine "whether MD Holding was in fact a legitimate entity..." that was presumably resolved by confirming its good standing in Delaware and retrieving the LLC's publicly available Certificate of Formation.

[2] To the extent this Court grants the motion and orders that a deposition of MD must occur, such examination of a Delaware entity subpoenaed as a third party witness, "must take place where the officer-witness resides or at the corporation's principal place of business." *Application of Johnson and Johnson*, 59 F.R.D. 174, 178 (D. Del. 1973).