IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLASSWALL, LLC, a Florida Corporation,  )<br>                                          )<br>                    Plaintiff,           )<br>      v.                                 )<br>                                          )  M.A. No.<br>ACG FLAT GLASS NORTH AMERICA,            )<br>INC. d/b/a/ AGC GLASS COMPANY            )  (Pending in the U.S. District Court for<br>NORTH AMERICA, a Foreign Corporation,   )  the Eastern District of Tennessee<br>and POMA GLASS & SPECIALTY               )  (Knoxville) – Case No. 3:17-CV-332-<br>WINDOWS, INC., a Foreign Corporation     )  HSM-DCP)<br>registered to do business in Florida,    )<br>                                          )<br>                    Defendants.          )<br>                                          )<br>                                          ) | |

**DEFENDANTS' REPLY BRIEF
IN SUPPORT OF THEIR MOTION TO ENFORCE THEIR
SUBPOENA *DUCES TECUM* ISSUED TO MD HOLDING, LLC**

In the Tennessee Action, Plaintiff Glasswall, LLC ("Glasswall") represented that it was entitled to, among other things, indemnity for $1.5 million in damages consisting of an arbitration award obtained by Monadnock, a general contractor with which Glasswall contracted. Although Glasswall settled that claim ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌, Glasswall continued to represent—*both to the Tennessee Court and Defendants*—that it was entitled to the full $1.5 million because MD Holding was pursuing Glasswall for the balance. MD Holding's argument that "no claim or defense . . . involves or implicates MD in any way" should therefore be dismissed out of hand, as Glasswall clearly and unequivocally put MD Holding squarely at issue in the Tennessee Action. (Doc. 6 at 2.)

Then, after forcing Defendants to serve two subpoenas, hire Delaware counsel, and initiate this enforcement action, Glasswall suddenly amended its disclosures to reduce the arbitration claim—which had been settled four months earlier—to ▌▌▌▌▌. (Doc. 6 at 2–3.) MD Holding

1

incorrectly asserts that this amendment renders the subpoena moot and irrelevant. Glasswall's insistence on pursuing a bogus damage claim by and through MD Holding calls into question not only the validity of the remaining ▇▇▇▇ in alleged damages related to the arbitration claim (MD Holding will likely have discoverable information as to whether Glasswall actually sustained ▇▇▇▇ in damages), but also the credibility of Glasswall for *all* damages sought in the Tennessee Action.  Defendants are entitled to present such credibility issues to the jury.

Despite its feigned outrage at having been issued a valid subpoena, MD Holding cannot cite a single case which supports its unfounded argument that it should not have to comply with the subpoena. That is because there is no authority that supports its position. A party served with a subpoena pursuant to Rule 45 is obligated to produce all responsive documents that are within its possession, custody or control.[1] The scope of discovery permitted under the Federal Rules is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case … Information within this scope of discovery need not be admissible in evidence to be discoverable."[2] This Court has held that subpoenas directed to non-parties may not be quashed unless they are "unreasonable and oppressive," and are not subject to the "good cause" requirement of subpoenas directed to parties.[3] As *Dart Industries, Inc.* makes clear, the burden for opposing a valid subpoena is higher for a non-party than for a party. Defendants' subpoena complies with the requirements of F.R.C.P. 45 and should be enforced.

---

[1] *See* F.R.C.P. 45; *Power Integrations Inc. v. Fairchild Semiconductor Int'l, Inc.*, 233 F.R.D. 143, 145 (D. Del. 2005).
[2] F.R.C.P. 26(b).
[3] *Dart Industries, Inc. v. Liquid Nitrogen Processing Corp. of Cal.*, 50 F.R.D. 286, 290 (D. Del. 1970).

For the reasons set forth herein, Defendants respectfully request that their motion to enforce their subpoena issued to MD Holding to testify at a deposition and produce documents be granted and that MD Holding be compelled to produce responsive documents and appear for a deposition in this District within ten (10) days of the Court's Order.

**COOCH AND TAYLOR, P.A.**

*/s/ Christopher H. Lee*
Christopher H. Lee (#5203)
The Brandywine Building
1000 West Street, 10th Floor
Wilmington, DE 19801
(302) 984-3800
clee@coochtaylor.com
*Attorneys for Defendants*

DATE:  December 18, 2018