IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLASSWALL, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Misc. Case No. 18-333 (MN) |
| ) | |
| AGC FLAT GLASS NORTH AMERICA, ) | (Pending in the U.S. District Court for the |
| INC. d/b/a AGC GLASS COMPANY ) | Eastern District of Tennessee (Knoxville) – |
| NORTH AMERICA, and POMA GLASS & ) | C.A. No. 17-332 (HSM)) |
| SPECIALTY WINDOWS, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

At Wilmington this 9th day of January 2019;

WHEREAS, on November 28, 2018, Defendants AGC Flat Glass North America, Inc. and POMA Glass & Specialty Windows, Inc. (collectively "Defendants") filed a motion to enforce their subpoena *duces tecum* issued to MD Holding, LLC ("MD Holding") pursuant to Fed. R. Civ. P. 45(d) (D.I. 2);

WHEREAS, in their motion Defendants argue that the "document and deposition requests are highly relevant to the Tennessee Action" filed by Glasswall, LLC ("Glasswall") because:

> Plaintiff represented to the Tennessee Court and Defendants' counsel that Glasswall was entitled to the full $1.5 million arbitration award, despite the fact it had paid only $250,000 (sic) [to MD Holding] in full satisfaction of the award. Plaintiff's position was based upon its assertion that MD Holding would possibly pursue Plaintiff for the $1.25 million balance. Upon information and belief, however, MD Holding is owned and/or controlled by one or more of Plaintiff's own principals or agents. If determined to be true, this fact would make Plaintiff's position in the Tennessee Action at best, a mistake, and at worst, fraud. Defendants respectfully submit that they are entitled to discovery regarding the credibility and viability of Plaintiff's legal positions in the Tennessee Action, including claimed damages."

(*Id.* at 5-6);

WHEREAS, Defendants claim "the information and documents are relevant to the underlying dispute because Glasswall's measure of damages has been . . . based on amounts Glasswall was forced to pay in relation to the Arbitration." (*Id.*);

WHEREAS, in response MD Holding states: "Defendants allege that a portion of the damages sought against them by the plaintiff in the Tennessee action, Glasswall, LLC, 'consist[s] of an approximately $1.5 million arbitration award issued against plaintiff . . . , for which plaintiff seeks indemnification.'  But Defendants knew at the time they filed the motion to enforce that Glasswall's November 15, 2018 amended interrogatory response expressly stated and confirmed that it only seeks indemnification for $225,000.00 of the $1.5 million judgment – the amount paid by Glasswall to Monadnock." (D.I. 6 at 1).  MD Holding cites to Supplemental Answer to Interrogatory No. 7 in the Tennessee Court, which states:

> 3. The Arbitration Award – Monadnock was awarded $1,499,255.18 in the New York arbitration.  This Award has since been confirmed by Order of the United States District Court for the Eastern District of New York. . . . In light of Monadnock's assignment of this judgment to MD Holdings, LLC (a copy of which has been produced), Glasswall is reducing this claim to $225,000.00 – the amount paid by Glasswall to Monadnock.

(*Id.* at 2, *see also* D.I. 2, Ex I. at ¶ 3); and

WHEREAS, since Glasswall has now made clear that it seeks only to recover from Defendants the $225,000.00 amount paid to Monadnock, there is no basis for any third-party discovery from MD Holding, which is not a party to the Tennessee action.

THEREFORE, it is HEREBY ORDERED that Defendants' motion to enforce their subpoena *duces tecum* issued to MD Holding, LLC pursuant to Fed. R. Civ. P. 45(d) is DENIED.

/s/ Maryellen Noreika<br>
The Honorable Maryellen Noreika<br>
United States District Judge